**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1103-18T2

ANIL CHIRAMEL,

     Plaintiff-Respondent,

v.

LATA CHIRAMEL,

     Defendant-Appellant.

_____

Submitted September 12, 2019 – Decided September 26, 2019

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FD-20-1666-17.

Kristofher Ray Dayawon Beralo, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

     Defendant Lata Chiramel, the mother of two children born of her marriage

to plaintiff Anil Chiramel, appeals from a Family Part order issued October 19,

2018, transferring custody of the parties' youngest child, who is twelve years old, to his father. Custody of the parties' college freshman son had earlier been transferred to the father, but was returned to the mother as the child elected to live closer to school, which meant a return to that home. The October 19, 2018 decision followed numerous plenary hearings, beginning in 2017. We affirm.

The procedural history is not necessary to our final disposition and will not be repeated here. The judge supplemented his orally rendered decisions by letter dated January 31, 2019. See R. 2:5-6(c).

We describe the circumstances drawn from the record on appeal. According to plaintiff, he relocated to New England in order to avoid the ongoing serious conflicts with defendant. Despite his relocation, she continued to believe he had installed cameras in her home, was contacting school authorities and others in order to malign her, and engaged in conduct which she felt caused the harassment of herself and her children.

Defendant claimed in court and to others that she had been followed and photographed by unidentified members of the public and police. Because she perceived her children as being bullied at school, and perceived the school authorities as having been turned against her by plaintiff, she moved the children

from one school to another and planned to pull the youngest child out of the second school shortly before the end of the school year.

School personnel and personnel from the Division of Child Protection and Permanency (Division) testified that there was no foundation to defendant's claims. They testified that plaintiff had no contact with the school until they reached out to him because of their concern about defendant's plan to remove the youngest child from school. The Division representative and school personnel described the youngest child as thriving academically and socially.

The judge found none of defendant's allegations regarding plaintiff's behavior, and the effect she imagined it was having on others, were corroborated. They were, in fact, "consistent with a long history of delusional thought." Defendant had been diagnosed "with a delusional disorder, persecutory type, in early 2018. She also had a prior diagnosis of a paranoid personality disorder, as well as an obsessive-compulsive disorder, several years earlier."

The judge also found that since the parties' separation in 2015, defendant had progressively made visitation between plaintiff and the children difficult. It was virtually nonexistent for a six-month period immediately prior to the time he was contacted by the school authorities about defendant's plan to remove the

child from school again. Beginning in the fall of 2016, defendant insisted plaintiff visit with the children only at restaurants. She would notify him of the location after he was on the road on his way to New Jersey. On occasion, she would select restaurants more than two hours away from her home, resulting in the children refusing to see their father because of the disruption the visits were causing in their lives.

Based on his interviews with the children, as well as review of the guardian ad litem's report, expert reports, and his own assessment of plaintiff and defendant, the judge concluded that, pursuant to N.J.S.A. 9:2-4, custody of the youngest child should be transferred as it was in his best interest to reside with his father.

As the judge observed, defendant's universe of uncorroborated suspicions spring from her certain conviction that plaintiff, not she, suffers from paranoid delusions. The judge also observed that it was not clear why, even if defendant's claims were true, plaintiff's paranoid delusions would cause him to malign defendant to school authorities, police, family members, and friends. The judge noted that in 2009, plaintiff was found to be suffering from delusions that were transitory, and may have been caused by medication. That 2009 report was in evidence.

In addition to the fact that defendant's assertions regarding plaintiff's conduct were not corroborated by any of the witnesses, or other proofs in the case, or by the children during in camera interviews, the judge found her to be "evasive in her answers and routinely failed to maintain eye contact when confronted with unfavorable evidence or challenging questions." In contrast, plaintiff testified rationally and was successful in a demanding job. Thus, he found plaintiff credible and defendant incredible.

Despite defendant's refusal to engage in mental health treatment, the judge awarded her parenting time. He required plaintiff to relocate to New Jersey so the youngest child could continue in the school where he was thriving.

Now on appeal, defendant raises the following points:

> I. The Trial Court failed to consider all of the relevant statutory criteria in the decision below; stripping the defendant of her custodial rights was not in the best interest of the child.
>
> II. The Trial Court erred as a matter of law in admitting reports as evidence.

We find defendant's second point to be so lacking in merit as to not warrant discussion in a written decision. R. 2:11-3(e)(1)(E). A judge's decision to admit evidence is reviewed for abuse of discretion, and this includes expert reports. Townsend v. Pierre, 221 N.J. 36, 52-53 (2015). Additionally, a trial

judge has the option, after admission of expert reports, to accord such weight to them as he deems appropriate. Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001) ("The factfinder may accept some of the expert's testimony and reject the rest.") (internal citation omitted). It is not significant that the reports the judge relied on did not stress plaintiff's 2009 psychiatric assessment, or even that authors may have been unaware of the reports' existence given defendant's claims about plaintiff's conduct were uncorroborated.

Turning to defendant's first point, we start with this premise: "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). These findings are upheld when supported by adequate, substantial, and credible evidence. N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Cesare, 154 N.J. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). Such findings are set aside on appeal only when so "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms Resorts, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

6

We review the trial court's decision, as always, de novo.  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In this case, we see no reason to disturb the factual findings made by the Honorable Thomas K. Isenhour, J.S.C.  His credibility determinations and factual findings were fully supported by the record.

We conclude Judge Isenhour's application of the factors found in N.J.S.A. 9:2-4, which are committed to the sound discretion of the judge, was proper. See Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 157 (App. Div. 2003). An abuse of discretion occurs where the "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).  Judge Isenhour thoughtfully applied the statutory best interest test in transferring custody.  He cogently and reasonably weighed the evidence, and explained his decision, adhering to the principles established in N.J.S.A. 9:2-4 and cases following.  No abuse of discretion occurred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1103-18T2